In the Matter of the Application of HARRY LEDERMAN and Another, for an Order Canceling and Discharging a Certain Mortgage. BURR HORNBECK, as Administrator of the Estate of FLORENCE S. HORNBECK, Deceased, Appellant; LEONA S. DAMANDA et al., Respondents.

Third Department, April 23, 1959.

*Krieger & Scheinman,* attorneys (*Charles H. Burger* with them on the brief), for appellant.

*Phillips, Heaney & Schofield,* attorneys (*Normington Schofield* of counsel), for respondents.

GIBSON, J. Upon this appeal we review an order of the County Court of Sullivan County which directed the payment of a deposit theretofore made in satisfaction of a mortgage, pursuant to section 333-b of the Real Property Law, The issue is as to the construction of subdivision 5 of that section.

The mortgage was executed in 1944 to four individuals. There is evidence, denied in part by one of the parties, that installments of principal and interest were paid to one of the mortgagees and devoted to her support, pursuant to the consent of the other mortgagees (her children) until the time when the mortgagors tendered final payment and the administrator of a deceased mortgagee declined to execute a certificate of satisfaction. The mortgagors then undertook the procedure provided by section 333-b, resulting in the County Court's order dated January 2, 1951, which recited due proof of service of the petition and order to show cause and the administrator's appearance in opposition and directed payment of the unpaid balance to the County Treasurer "to the account of" the three living mortgagees and the administrator of the fourth. So far as appears, that order was not challenged by appeal or otherwise.

In 1955 the administrator applied under section 333-b, by order to show cause, for payment to him of the balance on deposit. He asserted that the three other mortgagees had received all the payments made on the mortgage, although checks for a substantial portion of the total indicated payments to the mother alone, and denied that payments were made to the mother pursuant to his or his intestate's consent. He placed considerable reliance upon the fact that the other three mortgagees had executed a certificate of satisfaction of the mortgage (with the result, he asserts, that their interests were "divested") but it seems clear that the certificate was executed by the others in anticipation of the final payment, and that when the administrator then declined to execute the certificate it was not delivered or otherwise used. The 1955 application resulted in the order appealed from, which directs payment of one fourth of the proceeds of the deposit to the administrator, one fourth thereof to each of the two mortgagees now living and one fourth to the person who shall qualify as the legal representative of the fourth mortgagee, who died during the pendency of the present application.

The procedure for payment of moneys deposited pursuant to section 333-b is provided by the last sentence of subdivision 5 of that section, to wit: "The money deposited shall be payable to the mortgagee, his personal representative or assigns, upon an order of the supreme court or county court, directing the payment thereof to him upon such evidence as to his right to receive the same as shall be satisfactory to the court."

In its opinion, the County Court pointed out that the mortgagors could properly make payment to one of the mortgagees (*People ex rel. Eagle* v. *Keyser*, 28 N. Y. 226; Restatement, Contracts, § 130) and held that the above-quoted provision of subdivision 5 does not " contemplate or embrace " rights of action as between the mortgagees, arising out of misappropriation or otherwise, with respect to payments made prior to the deposit with the County Treasurer. The opinion stated that the direction for payment would be without prejudice to any such rights, but this provision does not appear in the order.

Subdivision 5 is intended to provide a summary and expeditious remedy for determination of title to the mortgage and thus to the deposit. The statute is concerned with the *identity* of " the mortgagee " or that of " his personal representative or assigns ". Accordingly, proof might have to be taken as between rival claimants to the title of the instrument, including evidence as to devolution of title thereto by assignment or by will or intestate succession. We do not consider that by use of the terse language quoted, and particularly that authorizing an order of payment " upon such evidence * * * as shall be satisfactory to the court ", it was intended to provide new and special remedies for the resolution of intra-ownership disputes antedating the deposit. Such differences often require the application of equitable and other remedies unsuited to summary action and pursued under procedural safeguards not here provided. Some of those remedies are not ordinarily within the County Court's jurisdiction. We do not consider that this statute envisages the application of such remedies in some summary fashion, in either of the courts named. That being so, the court below did not exceed the considerable measure of discretion committed to it by subdivision 5 in relegating the parties to relief under other authority.

The order should be modified so as to provide that the direction for payment therein made be without prejudice to any rights of the parties, enforcible in an action or proceeding, in regard to the payments made on account of the mortgage prior to the order of deposit of January 2, 1951, and that payment or other proceedings under the order appealed from be stayed for 30 days after service of a copy of the order to be entered hereon and notice of entry and for such additional reasonable time as may be directed by the County Court upon proper application; and, as so modified, should be affirmed, with one bill of costs to respondents filing briefs.

FOSTER, P. J., BERGAN, COON and HERLIHY, JJ., concur.

Order modified so as to provide that the direction for payment therein made be without prejudice to any rights of the parties, enforcible in an action or proceeding, in regard to the payments made on account of the mortgage prior to the order of deposit of January 2, 1951, and that payment or other proceedings under the order appealed from be stayed for 30 days after service of a copy of the order to be entered hereon and notice of entry and for such additional reasonable time as may be directed by the County Court upon proper application; and as so modified, affirmed, with one bill of costs to respondents filing briefs.